IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND E. PETERSON,
    Plaintiff
    v.
UNIONTOWN POLICE DEPARTMENT and
FAYETTE COUNTY DRUG TASK FORCE,
    Defendants

Case No. 3:09-cv-150-KRG-KAP

**Report and Recommendation**

Recommendation

    Plaintiff filed a civil rights complaint under 42 U.S.C.§ 1983, alleging that the above-named defendants violated his constitutional rights in 2007 and 2008 because he was falsely arrested and subjected to excessive uses of force. Defendant City of Uniontown, which is the municipality that operates the Uniontown Police Department, filed a motion for summary judgment, docket no. 18. I recommend that defendant's motion be granted.

Report

    The Federal Rules of Civil Procedure allow a party to obtain summary judgment upon a showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is "regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules... ." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." "[T]he requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(emphasis in original). An issue of fact is "genuine" if the evidence is such that a reasonable jury properly applying the relevant law might return a verdict for the non-moving party. Anderson, 477 U.S. at 257.

Once the defendants have satisfied their burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the plaintiffs are required to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories, etc., in order to demonstrate specific facts which give rise to a genuine issue as to every element essential to its case which it bears the burden of proving at trial. Celotex Corp., 477 U.S. at 323-24.

Every Section 1983 claim has two basic elements: 1) that defendant acted under color of state law, and 2) that defendant violated some federal constitutional or statutory right of the plaintiff. Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-56 (1978). The defendant does not dispute that it acts under color of state law, or that as a governmental body it is not entitled to qualified immunity. Owen v. Independence, 445 U.S. 622 (1980). For Uniontown to be liable for the actions of its employees, however, those actions must have been taken pursuant to some custom

2

or policy of the municipality. Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). Otherwise, what the jury would be doing would be imposing liability under common law principles of respondeat superior. As the Third Circuit has observed:

> A local government entity may be held liable under § 1983 only when the plaintiff demonstrates that the government entity itself caused the plaintiff's injury through the implementation of a policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We have said that **a policy is an official proclamation or edict of a municipality while a custom is a practice that is so permanent and well settled as to virtually constitute law**. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir.1996) (citations omitted). The plaintiff must also show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir.2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). It must be the policymaker's actions that "directly caused constitutional harm." Gottlieb ex. rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 175 (3d Cir.2001).

Wargo v. Schuylkill County, 348 Fed.Appx. 756, 760 (3d Cir.2009)(my emphasis). Plaintiff points to no evidence of police practices in Uniontown "so well settled as to virtually constitute law." His evidence begins and ends with his individual interactions in varying situations with individual officers, some of whom are Uniontown police officers, and some of whom are employees of the state police or of the Fayette County Drug Task Force, whose legal nature is unclear and on whom plaintiff has not effected service. On this record no jury could find that the city had a policy of making false arrests or of using excessive force. Summary judgment should be granted to defendant City of Uniontown.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 27 November 2010

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Raymond E. Peterson HY-0117
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000