IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND E. PETERSON,
    Plaintiff
    v.
UNIONTOWN POLICE DEPARTMENT and
FAYETTE COUNTY DRUG TASK FORCE,
    Defendants

Case No. 3:09-cv-150-KRG-KAP

**Report and Recommendation**

Recommendation

Plaintiff Raymond Peterson filed a civil rights complaint under 42 U.S.C.§ 1983, alleging that the above-named defendants violated his constitutional rights in 2007 and 2008 because he was falsely arrested and subjected to excessive uses of force. Defendant Fayette County Drug Task Force filed a motion to dismiss for failure to state a claim, docket no. 34, and plaintiff Peterson has responded, docket no. 36. I recommend that defendant's motion be granted.

Report

Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim **showing** that the pleader is entitled to relief." (my emphasis). The Supreme Court held, in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007), that Rule 8 does not allow mere recitation of the legal elements of a cause of action, <u>id.</u> at 1965: a plaintiff must plead "enough **facts** to state a claim to relief that is plausible on its face." <u>Id.</u> at 1974. (my emphasis). The year after <u>Twombly</u>, the Court of Appeals for the Third Circuit explained:

Put another way, in light of Twombly, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without **some factual allegation** in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See Twombly, 127 S.Ct. at 1965 n. 3.

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir.2008)(my emphasis). The following year, the Supreme Court amplified its discussion of the requirements of Rule 8 in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009):

Two working principles underlie our decision in *Twombly*. **First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we **"are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not "show[n]"-"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2). (my emphasis).

To "show" he may be entitled to relief against the Drug Task Force, Peterson must allege facts that make it plausible to infer that the wrongful actions he alleges in his complaint were taken pursuant to some custom or policy of the Drug Task Force. Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978).

2

Otherwise, what a jury would be doing would be imposing liability under common law principles of respondeat superior. As the Third Circuit has observed:

> A local government entity may be held liable under § 1983 only when the plaintiff demonstrates that the government entity itself caused the plaintiff's injury through the implementation of a policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). We have said that **a policy is an official proclamation or edict of a municipality while a custom is a practice that is so permanent and well settled as to virtually constitute law.** *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.1996) (citations omitted). The plaintiff must also show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir.2001) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). It must be the policymaker's actions that "directly caused constitutional harm." *Gottlieb ex. rel. Calabria v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 175 (3d Cir.2001).

Wargo v. Schuylkill County, 348 Fed.Appx. 756, 760 (3d Cir.2009)(my emphasis). It is not clear from the complaint itself, docket no. 3, which if any of the officers who allegedly harmed Peterson were even working for the Drug Task Force. Taking Peterson's addendum, docket no. 13, as a supplement to the complaint, plaintiff alleges that Detective Kal Sneddon used excessive force against Peterson on March 3, 2008, and that Peterson was arrested by "Detective Kal Sneddon and his Drug Task Force Team," but Peterson does not allege that his treatment by Sneddon was due to an official policy of the Drug Task Force or due to a practice of the Drug Task Force "so well settled as to virtually constitute law." The Drug Task Force should be dismissed as a defendant.

3

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Under Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), plaintiff is given notice that he may amend his complaint to state a claim, file objections without amending his complaint, or both file objections and amend his complaint.

DATE: March 1, 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Raymond E. Peterson HY-0117
    S.C.I. Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000